# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

michael@faillacelaw.com

May 6, 2021

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Chumil et al v. Tu Casa #2 et al; 20-cv-4016

Your Honor:

  This office represents Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair, reasonable and should be approved by the Court.

  As a result of good faith settlement negotiations, which spanned several months, the parties have agreed to a negotiated settlement ("Agreement"). A copy of the Agreement is attached hereto as "Exhibit A." The Agreement does not contain any confidentiality or non-disclosure provisions. The Agreement is reasonable and in the best interest of the Plaintiffs. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

  Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

  Plaintiffs contend that they were employed at Defendants' establishment, a Peruvian restaurant in Queens, New York. Plaintiff Marcellino Chumil ("Plaintiff Marcellino") was employed from approximately August 2014 to May 2019. Plaintiff Jose Chumil ("Plaintiff Jose") was employed from approximately December 1, 2016 until July 28, 2019. They allege Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, notice and recordkeeping violations, unpaid spread of hours, and unlawful deductions from tips and wages.

*Certified as a minority-owned business in the State of New York*

Plaintiffs' alleged damages are overinflated and in contradiction to available evidence and case law in this Circuit. Plaintiffs were tipped restaurant employees, who seldom worked overtime and were at all times, paid above minimum wage for all hours worked. Here, Plaintiffs generally worked 40 hours or less per week. Defendants were prepared to demonstrate such facts in written discovery and party and non-party depositions, if necessary. Notably, if any overtime (or 10+ hour days) was worked, it was worked on Saturdays and Sundays, the two busiest days for the restaurant (pre-COVID-19).

Defendants contend that Plaintiffs' contention that they were paid below minimum wage is also without merit. Such argument incorrectly assumes that Plaintiffs worked 60+ hours per week, for all weeks in the relevant time period. Moreover, Plaintiffs claim owed minimum wages by virtue of Defendants' alleged failure to apprise Plaintiffs of the tip credit notice. Defendants dispute this technical violation, and have produced evidence to Plaintiffs that they were provided with actual, constructive and/or indirect notice of the tip credit. Given that Plaintiffs' estimated daily hours are drastically inflated, spread of hours compensation was no longer owed for many (if not all) of the days that Plaintiffs claimed entitlement. Furthermore, as discussed, Defendants have put forth various arguments indicating that they've made good faith efforts to comply with the law, as such, Plaintiffs would risk not receiving the award of liquidated damages under either the FLSA and/or NYLL.

Lastly, the impact of the COVID-19 pandemic on New York City restaurants (particularly, independently owned restaurants such as Tu Casa) has been unprecedented. The financial devastation of the New York City restaurant industry is well-documented by government regulators, trade associations, and countless news reports since the start of the worldwide pandemic.[1] Indeed, there are, at least, three separate websites that track the list of permanent New York City restaurant closings, which now, unfortunately, occur on almost a daily (and certainly weekly and/or monthly) basis.[2]

In September 2020, the New York State Office of the Comptroller issued its own report regarding the Restaurant Industry in New York City.[3] In 2019, restaurants and bars accounted for about one in 12 private sector jobs in New York City. Estimates of permanent closures over the next year as a result of COVID-19 have ranged from one-third to one-half of all New York City dining and drinking establishments. "At the high end," the comptroller's audit noted, "that could result in a permanent loss of nearly 12,000 of the City's restaurants and bars, and nearly 159,000 industry jobs, although the opening of new restaurants would mitigate some of these losses." The New York State Comptroller concluded, in part, that:

> The COVID-19 pandemic has affected this sector to an unprecedented extent and in ways that have never been seen before.

---

[1] A timeline of COVID-19's impact on NYC's Restaurant Industry can be found here: https://ny.eater.com/2020/12/30/22203053/nyc-coronavirus-timeline-restaurants-bars-2020.

[2] See the following websites tracking NYC restaurant closures here: https://ny.eater.com/restaurant-closings; https://www.theinfatuation.com/new-york/features/nyc-restaurant-closings; and https://donyc.com/p/permanently-closed-restaurants-bars-in-nyc.

[3] See NYS Comptroller's report at: https://www.osc.state.ny.us/files/reports/osdc/pdf/nyc-restaurant-industry-final.pdf, and an article about the report here http://www.thelodownny.com/leslog/2020/10/new-report-details-impact-of-covid-19-on-nyc-restaurants.html.

> It has impacted individuals' jobs and income, business owners, restaurant patrons and neighborhoods. New York City and State must continue to provide clarity and support to ensure the industry remains healthy and is able to carry out its integral role in the City's economy and within its many communities.

*See* NYS Comptroller's Report at p. 9. Defendants produced evidence to Plaintiffs to confirm their financial struggles during the COVID-19 pandemic, including their requirement to permanently shut down one of their few locations. For these reasons, even if Plaintiffs were somehow able to obtain a judgment or verdict for an amount higher than the negotiated settlement, collecting on such amount would be impossible, as Defendants would have depleted all remaining assets in litigating this matter through trial.

### 2. Settlement Terms

The parties have agreed to settle this action for the total sum of $33,000.00.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

While Plaintiffs stand by their claims, this settlement reflects concessions made in recognition of the harsh reality that small restaurant businesses have suffered greatly due to coronavirus lockdowns and government mandates. Plaintiffs recognize that pursuing litigation, while perhaps resulting in a judgment for a higher amount, would not necessarily result in the collection of this amount.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $11,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $7,093.40. A copy of Plaintiffs' billing record is attached as "Exhibit B." The amount provided to Plaintiffs' counsel under the settlement is fair

and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.    Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

We are pleased the parties could work collaboratively in resolving this matter without the need to burden the Court. Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                         Respectfully submitted,

                         /s/_____
                         Michael Faillace
                         MICHAEL FAILLACE & ASSOCIATES, P.C.
                         Attorneys for the Plaintiff

Enclosures

4835-9703-3704.1 / 088842-1004