# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Marcellino Chumil and Jose Chumil, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter collectively referred to as, the "Plaintiffs"), on the one hand, and Tu Casa #2 Restaurant Corp. ("Tu Casa"), William Alba, Sr., and William Alba, Jr. (collectively referred to as, the "Defendants"), on the other hand. Plaintiffs and Defendants hereinafter referred to as the "Parties."

**WHEREAS**, on or about August 28, 2020, Plaintiffs filed a class and collective action complaint in the United States District Court for the Eastern District of New York, bearing the caption *Chumil et al., v. Tu Casa #2 Restaurant Corp. et al.*, No. 20-CV-04016 (RRM)(CLP), alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiffs overtime and minimum wages, failing to provide accurate NYLL 195(1) wage notice forms, failing to pay spread of hours premiums, and failing to provide accurate NYLL 195(3) wage statements (the "Complaint" or the "Action");

**WHERAS**, Defendants deny all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of Plaintiffs' claims or their class or collective action allegations;

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle and terminate the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein;

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of claims as set forth in Paragraph 3 below, and in full and final settlement of all of Plaintiffs' claims against Defendants in the Action, Defendants will provide Plaintiffs with a total payment of Thirty-Three Thousand Dollars and Zero Cents ($33,000.00) (the "Settlement Payment") as follows:

    (a) Within thirty (30) days of (a) the District Court issuing an Order approving the parties' Agreement and dismissing this matter with prejudice, and (b) the receipt, by Defendants' Counsel, of a fully completed and executed IRS Form W-4 from each Plaintiff, a fully completed and executed IRS Form W-9 from each Plaintiff, and a fully completed and executed IRS Form W-9 from Michael Faillace & Associates, P.C., Defendants shall make payments to Plaintiffs and their counsel (Michael Faillace & Associates, P.C.), totaling Three Thousand Dollars and Zero Cents ($3,000.00) (the "Initial Payment").

    (b) Commencing on the last day of the first full month after the Initial Payment, Defendants shall make ten (10) additional monthly payments to Plaintiffs and their counsel (Michael Faillace & Associates, P.C.), on the last day of each such month thereafter, in the total

amount of Three Thousand Dollars and Zero Cents ($3,000.00) ("Monthly Installment Payment"). The ten (10) monthly payments shall total Thirty Thousand Dollars and Zero Cents (30,000.00). These Monthly Installment Payments to Plaintiffs and their counsel shall be apportioned as set forth in subparagraph (d) below.

(c) As set forth in subparagraph (d) below, the Initial Payment and each Monthly Installment Payment to Plaintiffs shall be allocated for tax purposes as follows:

i. Twenty-five percent (25%) of Plaintiffs' portion of each payment shall represent payment of alleged unpaid wages claimed by the respective Plaintiff. Defendants will report this amount as wages earned on an IRS Form W-2, from which all-applicable taxes, withholdings and authorized deductions shall be made.

ii. Seventy-five percent (75%) of Plaintiffs' portion of each payment shall represent alleged liquidated damages, statutory penalties and interest due and owing under the FLSA and NYLL. Consequently, the Parties agree that Defendants shall report such amount as income to the respective Plaintiff on an IRS Form 1099 with box #3 checked.

(d) Each of the eleven payments described in paragraphs 1(b) and 1(c) above shall be consist of the following:

(i) One check in the amount of Two Hundred Fifty Dollars and Zero Cents ($250.00), representing unpaid wages subject to applicable withholdings and made payable to Marcelino Chumil

(ii) One check in the amount of Seven Hundred Fifty Dollars and Zero Cents ($750.00), representing liquidated damages, statutory damages, and interest and made payable to Marcelino Chumil

(iii) One check in the amount of Two Hundred Fifty Dollars and Zero Cents ($250.00), representing unpaid wages subject to applicable withholdings and made payable to Jose Chumil

(iv) One check in the amount of Seven Hundred Fifty Dollars and Zero Cents ($750.00), representing liquidated damages, statutory damages, and interest and made payable to José Chumil

(v) One check in the amount of One Thousand Dollars and Zero Cents ($1,000.00), representing attorneys' fees and costs and made payable to Michael Faillace & Associates, P.C.

(e) All payments made to Michael Faillace & Associates, P.C. as set forth in subparagraph (d) above shall represent attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

(f) All payments under this Paragraph shall be delivered to Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

(g) Pursuant to Paragraph 5 below, upon execution of this Agreement, the Parties agree to execute the "Stipulation and Order of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Agreement.

(h) In the event Defendants' monthly installment payments, as required under Paragraph 1 of this Agreement, are not received within fifteen (15) days of the due date, Plaintiffs' counsel shall provide written notice to Defendants' Counsel, William H. Ng, Esq., by email at WNg@littler.com regarding any missed monthly installment payments. Defendants shall have fifteen (15) days from receipt of such written notice to remedy their default. Notice shall be deemed received by Defendants on the date written notice is emailed or mailed to Defendants' Counsel. Should Defendants fail to timely remedy their default, the provisions set forth below in Paragraph 22 shall apply.

2. **Full Payment for FLSA claims.** Plaintiffs agree and affirm that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel for their wage and hour claims. This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to their relationship with Defendants, including any claims for wages, minimum wage, or overtime pay under state and federal law or common law. Plaintiffs agree that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3. **Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of themselves and, if any, their spouse(s), domestic partner(s), children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waives, discharges and releases, the Defendants and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, including but not limited to, Maritza Alba, Rodolfo Vargas and Carlos Velez, representatives, agents and attorneys, in their individual and representative capacities, and their immediate family, heirs, beneficiaries, assigns, and present and/or former fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the Fair Labor Standards Act, the New York State Labor Law and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages or compensation (including any claims for breach of contract seeking lost or unpaid wages), including reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued until the date Plaintiffs sign this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants and any other compensation or wages, liquidated

damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. Plaintiffs agree that they hereby waive any right that they may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by them or not.

4. **Covenant Not to Sue**: Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If any of the Plaintiffs breach the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims. Except to enforce the terms of this Agreement, Plaintiffs shall not institute, be represented in, participate in, or permit to be submitted or filed on Plaintiffs' behalf any claim whatsoever, whether in an individual, class, collective, or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants concerning claims that Plaintiffs have, had, or may have against Defendants under the FLSA, NYLL, and NYCRR. In the event any class or collective action that is brought against Defendants includes or may include Plaintiffs, they shall withdraw therefrom as soon practicable without obtaining or accepting any relief or recovery upon learning of Plaintiffs' inclusion or will be in breach hereof.

5. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and the Parties' Stipulation and Order for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

6. **Taxes and Withholdings**: Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1. Plaintiffs acknowledge that they have been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and have not relied upon any representation of Defendants on that subject. Plaintiffs understand and agree that they shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax.

7. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their claims in the Action and that the amount being paid to Plaintiffs, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

8. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by or against any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted or may assert in

connection with Plaintiffs' employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by all Parties.

10. **No Other Complaints or Charges**: Plaintiffs hereby represent that other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees. Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with the Defendants.

11. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

12. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

13. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14. **Voluntary Agreement**: Plaintiffs represent and agree that:

(a) they are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them;

(b) they have signed this Agreement freely and voluntarily and without duress;

(c) no promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement; and

(d) they were advised and hereby are advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

15. **Full and Complete Agreement**: This Agreement constitutes the full, complete, and entire agreement between the Parties regarding the subject matter hereof, i.e., wage and hour claims and fully supersedes any and all prior agreements, negotiations, promises and understandings between the parties hereto.

16. **Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

17. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

18. **Counterparts**: This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document. An original or copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement. This Agreement may be signed and/or delivered electronically, which shall be as effective as an original document.

19. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

20. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:
William H. Ng
Matthew R. Capobianco
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
WNg@littler.com
MCapobianco@littler.com

Plaintiffs' Counsel:
Clela Errington
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165
cerrington@faillacelaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

21. **Confession of Judgment:** As security for the Settlement Payment, William Alba, Jr. shall execute a Confession of Judgment in the amount of the Settlement Payment in the form annexed as **Exhibit B.** In the event that any of payments required hereunder are not received by Plaintiffs' counsel on or before the due date of any payment and Defendants fail to timely cure their late payment in accordance with Paragraph 1(h) of this Agreement, all payments remaining under this Agreement, giving Defendants credit for any amounts previously paid toward the Settlement Payment, shall become immediately due and owing. Plaintiffs, at their election, may choose thereafter to file the Confession of Judgments without further notice, and shall be entitled to exercise all legal and equitable rights to seek enforcement of this Agreement for any part of the Settlement Payment remaining due.

22. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT ON THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS ARE ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**PLAINTIFFS**

**MARCELLINO CHUMIL**

_____ *[signed]*

Dated:_____

**JOSE CHUMIL** *[signed]*

_____

Dated:_____

**DEFENDANTS**
**TU CASA #2 RESTAURANT CORP.**

By: _____

Dated:_____

**WILLIAM ALBA, SR.**

By: _____

Dated:_____

**WILLIAM ALBA, JR.**

By: _____

Dated:_____

22. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT ON THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS ARE ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**PLAINTIFFS**

**MARCELLINO CHUMIL** _[signature]_

Dated: 4/30/21

**JOSE CHUMIL** _[signature]_

Dated: 4/30/21

**DEFENDANTS**
**TU CASA #2 RESTAURANT CORP.**

By: TU CASA #2 RESTAURANT CORP.

Dated: 4/30/21

**WILLIAM ALBA, SR.**

By: _[signature]_

Dated: 4/30/21

**WILLIAM ALBA, JR.**

By: _[signature]_

Dated: 4/30/21

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELLINO CHUMIL and JOSE CHUMIL, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>TU CASA #2 RESTAURANT CORP. (D/B/A TU CASA RESTAURANT), WILLIAM ALBA SR., WILLIAM ALBA JR., MARITZA DOE, CARLOS DOE, and RODOLFO DOE,<br><br>Defendants. | Case No. 20-CV-04016 (RRM)(CLP) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

(a) the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(b) the above-captioned action is dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement; and

(c) the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

**MICHAEL FAILLACE & ASSOCIATES, P.C.**   **LITTLER MENDELSON, P.C.**

By: */s Clela Errington*
Clela Errington
60 East 42nd Street, Suite 4510
New York, New York 10165

Dated: ___May 6___, 2021

By: *Matthew R. Capobianco*
Matthew R. Capobianco
290 Broadhollow Road, Suite 305
Melville, New York 11747

Dated: ___May 3___, 2021

**SO ORDERED:**

_____
U.S. District Court Judge

_____
Dated

# **EXHIBIT B**

**NEW YORK STATE SUPREME COURT
COUNTY OF QUEENS**
-------------------------------------------------------X  Index No.
MARCELINO CHUMIL and JOSE CHUMIL,

                *Plaintiffs*,  **AFFIDAVIT OF CONFESSION OF JUDGMENT**

  -against-

WILLIAM ALBA, JR.,

                *Defendants*.
-------------------------------------------------------X

## AFFIDAVIT OF CONFESSION OF JUDGMENT

William Alba, Jr., being duly sworn, deposes and says:

1. I am the owner of Tu Casa #2 Restaurant Corp.

2. Tu Casa #2 Restaurant Corp is a New York State corporation, with its principal place of business located at 30-10 Steinway Street, Astoria, NY 11103 in Queens County.

3. This confession of judgment is for a debt due or justly to become due to Marcellino Chumil and Jose Chumil ("Plaintiffs") arising out of the facts below.

4. On August 28, 2020, Plaintiffs filed a class and collective action complaint in the United States District Court for the Eastern District of New York, bearing the caption *Chumil et al., v. Tu Casa #2 Restaurant Corp. et al.*, No. 20-CV-04016 (RRM)(CLP), alleging, among other things, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Complaint" or the "Action").

5. In April 2021, the parties in the Action entered into a settlement agreement ("Agreement"), which was later approved by the Court.

6. As part of the Agreement, Defendants are to pay Thirty-Three Thousand Dollars and Zero Cents ($33,000.00) to Plaintiffs and their counsel, in eleven (11) equal monthly installments.

7. The Agreement further provides that William Alba, Jr. would provide a Confession of Judgment to the Plaintiffs, to be held by Plaintiffs' counsel during the period in which the installment payments were to be made to Plaintiffs pursuant to the Agreement.

8. Under the terms of the Agreement, if Defendants (including myself) are in default for any portion of the Settlement Payment, Plaintiffs shall provide written Notice of Default to counsel for Defendants of their intent to file the Affidavit of Confession of Judgment in New York State Supreme Court within the applicable time period. To exercise this right, Plaintiffs shall notify counsel for Defendants of their intent to do so pursuant to the Agreement, and Defendants shall have the opportunity to timely cure any such Default within the applicable time period set forth in the Agreement. Plaintiffs may only file the Affidavit of Confession of Judgment only if Defendants fail to timely cure any Default.

9. I authorize and consent to the entry of judgment against myself in favor of Plaintiffs, in Queens County, in the State of New York, in the sum of $33,000.00, less any payments made by Defendants to Plaintiffs under the terms of the attached Agreement, plus all reasonable attorneys' fees and costs incurred by Plaintiffs, and hereby authorize Plaintiffs to request entry of judgment for that sum against me if Defendants or any of them breach Paragraph 1 of the Agreement.

10. The terms used herein, but not defined, shall have the meanings ascribed to them in the Agreement.

Dated: Queens, New York
      April \_\_\_, 2021

                                                                         _____
                                                                         William Alba, Jr.

Sworn to before me this
\_\_\_\_ day of April, 2021.


_____
Notary Public

commission expires: _____

4842-5639-7795.1 / 088842-1004

Dated: Queens, New York
April 30, 2021

_____
William Alba, Jr.

Sworn to before me this
30 day of April, 2021.

_____
Notary Public

commission expires: 1/4/25

4842-5639-7795.1 / 088842-1004

```
MIKAELA ZAMBRANO CERVANTES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZA6412668
Qualified in Queens County
Commission Expires     January 4, 2025
```