UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARCELLINO CHUMIL, *et al.*,

                Plaintiffs,

-against-                      **MEMORANDUM AND ORDER**
                                                20 CV 4016 (CLP)

TU CASA #2 RESTAURANT CORP., *et al.*,

                Defendants.
------------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

       On August 28, 2020, plaintiffs Marcellino Chumil and Jose Chumil, on behalf of themselves and others similarly situated, filed this action against Tu Casa #2 Restaurant Corp., d/b/a Tu Casa Restaurant ("Tu Casa"), William Alba Sr., William Alba Jr., Maritza Doe, Carolos Doe, and Rodolfo Doe, seeking to recover unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law, N.Y. Lab. Law § 650 et seq.

       The parties[1] reached a settlement in this matter and on May 6, 2021, moved for settlement approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). (Mot.[2]). On May 7, 2020, the parties consented to have the undersigned conduct all further proceedings and enter final judgment.[3]

---

[1] The proposed settlement is between plaintiffs and defendants Tu Casa, William Alba Sr., and William Alba Jr. Although Maritza "Doe," Carolos "Doe," and Rodolfo "Doe" filed the answer along with the other three defendants, they are not parties to this settlement. According to the terms of the Settlement Agreement, Maritza Alba, Carlos Velez, and Rodolfo Vargas have been released from this action. (See Sett. Agr. ¶ 3).

[2] Citations to "Mot." refer to the joint Motion for Settlement Approval, filed May 6, 2021, ECF No. 30.

[3] See Consent to Jurisdiction, endorsed by the Honorable Roslynn M. Mauskopf, on May 7, 2020, ECF No. 31.

On June 10, 2021, the parties appeared before the undersigned, seeking approval of the Settlement Agreement as fair and reasonable under Cheeks. (Mot.). For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable and approves the attorney's fee request.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiff Marcellino Chumil was employed as a delivery worker and food preparer at the defendant's restaurant for approximately six years from 2013 to May 2019. (Compl.[4] ¶¶ 43-44). Plaintiff Jose Chumil was also employed as a delivery worker at the defendants' restaurant for approximately two and a half years from December 2016 to July 2019. (Id. ¶¶ 65-66). As alleged in the Complaint, throughout their employment, plaintiffs regularly worked upwards of 80 hours a week and were paid a fixed weekly rate regardless of the number of hours worked per day or week. (Id. ¶¶ 50, 52-53, 72, 74-76). Plaintiff Marcellino Chumil's weekly rate of pay was $300 from approximately August 2014 until on or about May 5, 2019; plaintiff Jose Chumil's weekly rate of pay was $300 from approximately December 1, 2016 until on or about April 30, 2019, and $350 from approximately May 1, 2019 until on or about July 28, 2019. (Id. ¶¶ 52, 74-75). As such, plaintiffs claimed defendants failed to pay overtime and minimum wages under the FLSA and NYLL and violated wage notice, wage statement, and recordkeeping laws, in addition to failing to provide spread of hours pay and unlawfully deducting amounts from plaintiffs' tips and wages.

The parties propose to settle the case for a total of $33,000. (Mot. at 1; Sett. Agr.[5] ¶ 1). Of that amount, plaintiffs are to receive $22,000 in total ($11,000 to each plaintiff). (Mot. at 2-

---

[4] Citations to "Compl." refer to the Complaint, filed by plaintiffs on August 28, 2020, ECF No. 1.

[5] Citations to "Sett. Agr." refer to the Settlement Agreement, filed with the parties' joint

3).  Plaintiff's counsel seeks fees in the amount of $11,000, which equates to one-third of the total settlement.  (Id. at 3).

## DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if

---

Motion for Settlement Approval, filed May 6, 2021, ECF No. 30-1.

a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id.

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. The written agreement contains no impermissible confidentiality provision or non-disparagement clause. Although the Settlement Agreement contains a release, the release clause is limited, applying only to claims arising for wages or compensation from plaintiffs' employment with defendants. Although the Settlement Agreement contains this release, since plaintiffs only release FLSA and NYLL claims against these defendants, the release remains consistent with Cheeks as a narrow release. See Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, No. 15 CV 6953, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (noting that "confidentiality provisions, nondisclosure provisions, non-disparagement clauses, broad general releases, and waivers of future employment" contravene the protective nature of the FLSA). As such, the Court finds that this Agreement does not contain any impermissible clauses and comports fully with Cheeks.

3. Settlement Agreement

The Settlement Agreement proposes a total settlement amount of $33,000. (Mot. at 1). Plaintiff Marcellino Chumil will receive $11,000 and plaintiff Jose Chumil will receive $11,000 in payments from defendants over the course of an initial payment and ten subsequent monthly

4

payments. (Sett. Agr. ¶1(b)). Plaintiffs did not file specific damages calculations. However, the joint memorandum submitted with the Settlement Agreement notes that $33,000 is fair and reasonable because the defendants have provided evidence that the COVID-19 pandemic caused significant financial difficulties for their restaurants (one of which was forced to permanently close), leaving the defendants with severely depleted funds. (Sett. Agr. ¶ 1). The plaintiffs have acknowledged that although the settlement amount is not the total that they allege they are owed in back wages, they are willing to accept the amount based on their understanding that should they continue to litigate this matter to trial and win, they may be unable to collect due to defendants' inability to pay an award. (Mot. at 2). Thus, weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiffs would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement is fair. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000). There, the Second Circuit held that "both the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees." Id.

Courts may employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010);

Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method. See McDaniel v. City. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)).

Here, the plaintiffs' counsel seeks a fee equaling one-third of the total settlement amount in attorney's fees. (Mot. at 3). Since a one-third fee is presumptively reasonable in this Circuit, and based upon review of the parties' submissions and consideration of the Goldberger factors set forth above, the Court finds the amount requested in fees to be fair and reasonable.

6

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms-length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors 7 courts consider when approving FLSA settlement agreements).  The Court also finds that counsel's request for fees is reasonable.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 2, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York